United States District Court
Southern District of Texas
**ENTERED**
July 22, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTHSTAR BANK, S.S.B., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 24-CV-4593 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

This case requires the court to decide which of two banks, the paying bank, Southstar Bank, or the depositary bank, JPMorgan Chase, is liable for cashing a check that had been intercepted and the name of the payee altered, making the check fraudulent. Chase deposited the check and Southstar Bank paid it. (Docket Entry No. 23 ¶ 6). Southstar Bank later learned that the payee did not have the authority to negotiate or deposit the check. (*Id*. ¶ 11). Southstar Bank demands that Chase reimburse it for the amount of the check and to pay Southstar's attorney's fees, punitive damages, and costs.

Chase moves to dismiss all of Southstar's claims except its claim for breach of the UCC § 4.208(a)(2) presentment warranty. (Docket Entry No. 24). The claims sought to be dismissed are for money had and received, breach of contract, and conversion. (*Id*.) Southstar Bank has responded, and Chase replied. (Docket Entry Nos. 25, 26). Based on the motion and the parties' briefs, the court dismisses Southstar's claims other than the claim for breach of § 4.208(a)(2) of the UCC. The reasons for this ruling are set out below.

I.   **Southstar's common law claims for money had and received, breach of contract, and conversion**

Citing Tex. Bus. & Comm. Code § 4.302(a), Chase asks the court to rule that, as a matter of law, Southstar is strictly liable for the check amount because it did not return the check or send a notice of dishonor until after the midnight of the banking day that Southstar received the check. Chase acknowledges that there could be two exceptions to Southstar's strict liability under § 4.302(a): if Chase breached its presentment warranty under § 4.208; or if Chase presented the check for the purpose of defrauding Southstar.

Southstar asks the court to rule that the claims for money had and received and conversion are specifically incorporated into the UCC and are not preempted by the UCC. Southstar relies on the UCC provisions stating that conversion actions and money had and received actions must be filed within three years after the claim accrues. UCC § 3.118(g)(1). This statute of limitations provision does not, however, mean that common law claims for conversion, breach of contract, and money had and received are not preempted by the UCC.

First, most of § 3.118 is inapplicable to the type of check at issue. This section covers "notes," "unaccepted drafts," "certified checks," "teller's checks," and other similar instruments. *Id.* Second, § 3.118(g)'s language covering "warranty and conversion cases and other actions to enforce obligations or rights arising under article 3" does not apply. *See* Tex. Bus. & Com. Code § 3.118, Official Comment 6. Common law conversion, breach of contract, and money had and received claims conflict with the UCC provisions governing counterfeit and altered checks. *See, e.g., Bryan v. Citizens Nat. Bank in Abilene*, 628 S.W.2d 761 (Tex. 1982) (requiring that any conflicts between common law and the provisions of the UCC be resolved in the Code's favor); *Fidelity & Casualty Co. v. First City Bank of Dallas*, 675 S.W.2d 316, 319 (Tex. App.—Dallas

1984, writ ref'd n.r.e.) (holding that the UCC precludes liability of a bank in a fraudulent check case on the "theories of negligence, conversion, and money had and received").

This case presents a straightforward instance of a federal statutory preemption of state common law claims. Section 4.302 imposes a midnight deadline for a bank presented with a check for payment to examine the check and return or dishonor it if forged drawer signatures are found or suspected. Section 4.401 states that "a bank may charge against the account of a customer an item that is properly payable from that account…. An item is properly payable if it is authorized by the customer and is in accordance with any agreement between the customer and bank." Section 4.208 states that:

> If an unaccepted draft is presented to the drawee for payment or acceptance and the drawee pays or accepts the draft,
> (i) the person obtaining payment or acceptance, at the time of presentment, and
> (ii) a previous transferor of the draft, at the time of transfer, warrant to the drawee that pays or accepts the draft in good faith that:
> (1) the warrantor is, or was, at the time the warrantor transferred the draft, a person entitled to enforce the draft or authorized to obtain payment or acceptance of the draft on behalf of a person entitled to enforce the draft;
> (2) the draft has not been altered; and
> (3) the warrantor has no knowledge that the signature of the purported drawer of the draft is unauthorized;…

UCC § 4.208 (a).

These provisions preempt the common law remedies that Southstar invokes when, as here, the issue is the rights and obligations when a bank deposits a fraudulent check and the payor bank sends the funds to the depository bank. *Cadence Bank v. JPMorgan Chase Bank*, N.A., 2024 WL 5358446, *19 (S.D. Tex. Dec. 5, 2024) (common law claims of, *inter alia*, unjust enrichment, money had and received, breach of contract, conversion, are preempted by § 4.302); *American Dream Team, Inc. v. Citizens State Bank*, 481 S.W.3d 725 (Tex. App. 2015) (the UCC displaces common law rules on breach of contract) (citing *Plano Lincoln Mercury, Inc. v. Roberts*, 167

S.W.3d 616, 372 (Tex. App. 2005)).  The midnight deadline set by § 4.302 gives a payor bank such as Southstar a set time to review a check and determine whether to honor it by sending the funds to the depository bank, such as Chase.  The common law claims that Southstar invokes are inconsistent with the provisions of UCC § § 4.208, 4.302, and 4.401.  The common law claims—unjust enrichment, money had and received, breach of contract, and conversion—are dismissed as preempted.

II.     **Southstar's claims for breach of transfer warranties under UCC § 3.416 and § 4.207**

Southstar argues that UCC § 3.416 and § 4.207 transfer warranties make Chase liable as the depositary bank to Southstar as the paying bank. Chase responds that transfer warranties do not apply to the presentment of an item to a payor bank such as Southstar, citing *Cadence Bank v. JPMorgan Chase Bank, N.A.*, 2024 WL 5358446, *19 (S.D. Tex. Dec. 5, 2024) (a transfer warranty does not run to a payor bank); *see also First State Bank of Wichita Falls v. Oak Cliff Sav. & Loan Ass'n*, 387 S.W.2d 369 (Tex. 1965) (payor bank on a forged endorsement held liable for the loss); *Union Bank of Benton, Ark. v. First Nat. Bank in Mt. Pleasant, Tex.*, 621 F.2d 790 (5th Cir. 1980) (payor bank could not assert breach of presentment warranty against collecting bank).  Southstar does not point to contrary authority. This claim is dismissed.

III.    **Southstar's claims that Chase is liable under UCC § 3.418**

Section 3.418 provides as follows:

> (a) Except as provided in subsection (c), if the drawee of a draft pays or accepts the draft and the drawee acted on the mistaken belief that (i) payment of the draft had not been stopped pursuant to Section 4-403 or (ii) the signature of the drawer of the draft was authorized, the drawee may recover the amount of the draft from the person to whom or for whose benefit payment was made or, in the case of acceptance, may revoke the acceptance. Rights of the drawee under this subsection are not affected by failure of the drawee to exercise ordinary care in paying or accepting the draft.

UCC § 3.418(a).

This section makes clear that Southstar's remedy for its payment of the fraudulent check is against "the person to whom or for whose benefit payment was made." That is the individual whose name appeared on the check, a Michael Harris. Southstar sued Harris, but subsequently dismissed him as a party before requesting issuance of service. Chase was not the payee, and Chase is not the entity that owes Southstar relief.

Southstar's claim against Chase under § 3.418(a) of the UCC is dismissed.

## IV.    Southstar's claim against Chase under § 4.08(a)(1)

Section 4.208(a)(1) states:

(a) If an unaccepted draft is presented to the drawee for payment or acceptance and the drawee pays or accepts the draft, (i) the person obtaining payment or acceptance, at the time of presentment, and (ii) a previous transferor of the draft, at the time of transfer, warrant to the drawee that pays or accepts the draft in good faith that:
> (1) the warrantor is, or was, at the time the warrantor transferred the draft, a person entitled to enforce the draft or authorized to obtain payment or acceptance of the draft on behalf of a person entitled to enforce the draft; . . .

UCC § 4.208(a)(1).

Southstar alleges that Chase violated its presentment warranty under § 4.08(a)(1) by claiming that Chase was entitled to enforce the fraudulent check. This section required Chase to warrant that it was "entitled to enforce the draft" when the check was presented. When Chase's customer delivered the check at issue to Chase, payable to himself, Chase became a holder of that check, entitled to enforce it. §§ 4.205, 1.201(b)(21). The check contained an order to pay, making it an "item" under § 4.104. That section defines an "item as an instrument or a promise to pay money handled by a bank for collection or payment." § 4.104(a)(9). Chase did not violate its presentment warranty under § 4.208(a).

## V. Southstar's request for discovery before deciding the motion to dismiss

Southstar asks for discovery before the court decides the motion to dismiss. The issue raised by the motion and response is which bank—Southstar or Chase—will bear the loss associated with the negotiation of a fraudulent check issued by Southstar's customer and deposited into the account of Chase's customer. No fact discovery is needed to resolve this legal issue. The request for discovery is denied.

## VI. Conclusion

Chase's motion for partial dismissal of the claims Southstar has asserted is granted. (Docket Entry No. 24). The claim for breach of the presentment warranty under § 4.208(a)(2) remains. The remaining claims are dismissed, with prejudice, because amendment would be futile.

SIGNED on July 22, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge